IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ALEX MARTI,

    Plaintiff,

vs.

B. WARREN,

    Defendant.

    /

No. C 14-2305 YGR (PR)

**ORDER OF DISMISSAL**

## INTRODUCTION

Plaintiff, who is currently incarcerated at Mule Creek State Prison, filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983 complaining about conditions at Salinas Valley State Prison ("SVSP"), where he formerly was incarcerated. He also seeks leave to proceed *in forma pauperis* ("IFP"), which will be granted in a separate Order. Venue is proper because the events giving rise to the claim are alleged to have occurred at SVSP, which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

Plaintiff filed the instant complaint against SVSP Correctional Sergeant B. Warren. Specifically, Plaintiff claims that Defendant Warren retaliated against him for his submission of prison administrative grievances. Plaintiff seeks declaratory and injunctive relief as well as nominal damages and costs of suit.

For the reasons outlined below, the instant complaint is dismissed for failure to state a cognizable claim for relief, based on the Court's review pursuant to 28 U.S.C. § 1915.

## DISCUSSION

**I.    Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). *Pro se*

pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570.

Dismissal for failure to state a claim is a ruling on a question of law. *See Parks School of Business, Inc., v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).  "The issue is not whether the plaintiff ultimately will prevail, but whether he is entitled to offer evidence to support his claim." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).  That being said, as mentioned above, a *pro se* pleading must be liberally construed, and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Twombly*, 550 U.S. at 570 (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  Review is limited to the contents of the complaint, *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994), including documents physically attached to the complaint or documents the complaint necessarily relies on and whose authenticity is not contested. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

**II.     Legal Claims**

    **A.     Injunctive Relief**

As mentioned above, Plaintiff seeks injunctive relief, declaratory relief and nominal monetary damages.  The jurisdiction of the federal courts depends on the existence of a "case or controversy" under Article III of the Constitution.  *PUC v. FERC*, 100 F.3d 1451, 1458 (9th Cir.

2

1996). A claim is considered moot if it has lost its character as a present, live controversy, and if no effective relief can be granted: "Where the question sought to be adjudicated has been mooted by developments subsequent to filing of the complaint, no justiciable controversy is presented." *Flast v. Cohen*, 392 U.S. 83, 95 (1968). Where injunctive relief is involved, questions of mootness are determined in light of the present circumstances. *See Mitchell v. Dupnik*, 75 F.3d 517, 528 (9th Cir. 1996).

When an inmate has been transferred to another prison and there is no reasonable expectation nor demonstrated probability that he will again be subjected to the prison conditions from which he seeks injunctive relief, the claim for injunctive relief should be dismissed as moot. *See Dilley v. Gunn*, 64 F.3d 1365, 1368-69 (9th Cir. 1995). A claim that the inmate might be re-transferred to the prison where the injury occurred is too speculative to overcome mootness. *Id.*

Plaintiff has alleged unconstitutional conditions of confinement during his previous confinement at SVSP in 2013. Plaintiff is partly seeking injunctive relief to remedy these alleged injuries. When Plaintiff filed the instant complaint, he had already been transferred to Mule Creek State Prison. Dkt. 1 at 1. Because Plaintiff has not been incarcerated at SVSP since at least May 9, 2014, the date he filed the instant complaint, to the extent he seeks injunctive relief from the conditions of his confinement at SVSP those claims are DISMISSED as moot. The Court proceeds to review Plaintiff's claim of retaliation, for which he is seeking nominal damages and declaratory relief.

**B.     Retaliation Claim**

Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). The right of access to the courts extends to the exercise of established prison grievance procedures, *Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995), such that a prisoner may not be retaliated against for using such procedures. *Rhodes*, 408 F.3d at 567; *Bruce v. Ylst*, 351 F.3d 1283, 1288 (9th Cir. 2003).

The prisoner must prove all elements of a viable retaliation claim, including the absence of legitimate correctional goals for the conduct about which he complains. *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995). Retaliation claims brought by prisoners must be evaluated in light of concerns over "excessive judicial involvement in day-to-day prison management, which 'often squander[s] judicial resources with little offsetting benefit to anyone.'" *Id.* at 807 (quoting *Sandin v. Conner*, 515 U.S. 472, 482 (1995)). In particular, courts should "'afford appropriate deference and flexibility' to prison officials in the evaluation of proffered legitimate penological reasons for conduct alleged to be retaliatory." *Id.* (quoting *Sandin*, 515 U.S. at 482).

The prisoner also must show that the constitutionally protected activity in which he was engaged was a substantial or motivating factor for the alleged retaliatory action. *See Hines v. Gomez*, 108 F.3d 265, 267-68 (9th Cir. 1997) (inferring retaliatory motive from circumstantial evidence). The prisoner need not prove a total chilling of his First Amendment rights to state a claim for retaliation; that his First Amendment rights were chilled, though not necessarily silenced, is enough. *Rhodes*, 408 F.3d at 569. But the prisoner at least must allege that he suffered harm, since harm that is more than minimal will almost always have a chilling effect. *Id.* at 567-68 n.11; *see Resnick v. Hayes*, 213 F.3d 443, 449 (9th Cir. 2000) (holding that a retaliation claim is not actionable unless there is an allegation of harm).

Here, Plaintiff's complaint consists solely of conclusory and speculative allegations that Defendant Warren retaliated against him for his submission of prison administrative grievances. After careful review of the complaint, the Court finds that Plaintiff fails to state a claim for First Amendment retaliation upon which relief may be granted.

Plaintiff alleges that on August 25, 2013, he complained about the late delivery of his incoming legal mail by submitting two CDCR[1] Form 22s. Dkt. 1 at 4.[2] The CDCR Form 22 or "Inmate/Parolee Request for Interview, Item or Service" process was "instituted to facilitate effective communication between staff and inmates/parolees." *Id.* at 9; Ex. A at 1. Plaintiff claims

---

[1] CDCR stands for the California Department of Corrections and Rehabilitation.

[2] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Plaintiff.

4

that both forms addressed his "intention to pursue an appeal addressing the withholding of [his] incoming mail for approximately six (6) days." *Id.* at 4. Plaintiff's entire claim against Defendant Warren in the instant action is as follows:

> On September 3, 2013 Defendant B. Warren, a Correctional Sergeant, wrote and delivered to Plaintiff via a Correctional Officer, a General Chrono, CDC 128B Form, threatening Plaintiff with disciplinary action.
>
> Defendant B. Warren's General Chrono states in relevant part, "You [Plaintiff] are ordered to cease and desist from such abuse or you will be subjected to progressive disciplinary action." (*See* a true and correct copy of Defendant B. Warren's General Chrono, dated September 3, 2013, hereto attached as Exhibit A, and heretofore and hereinafter incorporated by reference to this Complaint.)
>
> Due to Defendant B. Warren's threats, Plaintiff's exercise of the right to file grievances, including the pursuit of further responses to either or both aforementioned CDCR 22 Forms, was chilled.
>
> Defendant B. Warren's action of threatening Plaintiff did not reasonably advance [a] legitimate correctional goal.

*Id.* at 5. Attached to Plaintiff's complaint is the aforementioned CDCR 128B, signed on September 3, 2013 by Defendant Warren, which states in whole:

> The CDCR Form 22, Inmate/Parolee Request for Interview, Item or Service, process was instituted to facilitate effective communication between staff and inmates/parolees. You have a right to use this form to address issues that are not otherwise limited to the use of the more formal CDCR Form 602, Inmate Parolee Appeal. However, the abuse of this form undermined its effectiveness. Making multiple requests regarding the same issue; making knowingly false statements; or knowingly routing the CDCR Form 22 to staff who are not suited to respond to your issues can lead to disciplinary action. It is noted that you violated DOM[3] section 54090 in specific you submitted multiple 22's on the same issue. You need to address the proper staff that you are requesting an Interview with. It is also expected that you participate in these Interviews. You are ordered to cease and desist from such abuse or you will be subject to progressive disciplinary action.

*Id.* at 9; Ex. A at 1 (footnote added).

First, Plaintiff's allegations of First Amendment retaliation are general, conclusory, speculative, unsupported, and amount to nothing more than a "formulaic recitation of the elements of a cause of action" for retaliation. *See Twombly*, 550 U.S. at 555. In addition, other than his conclusory allegation that his right to file grievances was "chilled," there is no actual allegation that Plaintiff suffered harm. *Rhodes*, 408 F.3d at 567-68 n.11; *see Resnick v. Hayes*, 213 F.3d 443, 449

---

[3] The Court notes that the CDCR's website indicates that "DOM" refers to the CDCR's Department Operations Manual.

(9th Cir. 2000) (holding that a retaliation claim is not actionable unless there is an allegation of harm). Plaintiff claims that he did not pursue responses to the aforementioned CDCR Form 22s; however, he does not claim that the CDCR Form 22s he submitted were ignored. Even so, inasmuch as Plaintiff is claiming any denial of his right of access to the courts, the Court further notes that Plaintiff does not allege that the delay of the delivery of his legal mail caused him "actual injury," i.e. prevented him from pursuing any pending action. *See Lewis v. Casey*, 518 U.S. 343, 350-55 (1996). The CDCR 128B included language which acknowledged Plaintiff's "right to use [CDCR Form 22] to address issues that are not otherwise limited to the use of the more formal CDCR Form 602." Dkt. 1 at 9. In other words, the CDCR 128B did not indicate that Plaintiff should *not submit* the CDCR Form 22, but instead warned him that he should *not abuse* the process by "submitting multiple [CDCR Form] 22s on the same issue." *Id.* Furthermore, the Court notes that Plaintiff was, in fact, able to pursue 602 grievances in order to exhaust the claims in the instant action. *Id.* at 2.

Nor is there any actionable retaliation claim because the "adverse action" Plaintiff alleges is based solely on the fact that Defendant Warren *issued* the CDCR 128B. The CDCR 128B form informed Plaintiff that he had violated a prison regulation -- i.e., sending multiple CDCR Form 22s, which he concedes to doing when he submitted two CDCR Form 22s on August 25, 2013 -- and that he should not do so again or risk disciplinary action. Dkt. 1 at 9; Ex. A at 1. There is no actionable retaliation claim because Defendant Warren issued the CDCR 128B based on the violation of a prison regulation and not specifically because Plaintiff filed the CDCR Form 22s -- i.e., no mention was made by Defendant Warren of the issues addressed in those forms -- or because of any other constitutionally protected speech. *See Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir. 2000) (retaliation claim consists of adverse action caused by protected speech).

Finally, contrary to Plaintiff's claim, the Court also finds no actionable retaliation claim because Defendant Warren's action -- of issuing the CDCR 128B based on a violation of a prison regulation -- advances the legitimate penological goal of preserving institutional order by preventing the misuse of the prison's written request process. *See Rhodes,* 408 F.3d at 567-68. *Accord Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) (prisoner suing prison officials under § 1983 for

retaliation must allege that he was retaliated against for exercising his constitutional rights and that the retaliatory action did not advance legitimate penological goals, such as preserving institutional order and discipline); *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam) (same).

Accordingly, Plaintiff's retaliation claim is DISMISSED because it does not state a cognizable claim for relief under section 1983.

## CONCLUSION

For the reasons set out above, this action is DISMISSED for failure to state a cognizable claim for relief.

Further, this Court CERTIFIES that any IFP appeal from this Order would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

The Clerk of the Court shall enter judgment, terminate all pending motions and close the file.

IT IS SO ORDERED.

DATED: June 30, 2014

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**